UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY L. RASMUSSEN,

          Plaintiff,

   v.

DAVID EDWARDS et al.,

          Defendant.

Case No. C21-5304-RAJ-SKV

REPORT AND RECOMMENDATION

**I. INTRODUCTION**

Plaintiff Timothy L. Rasmussen is currently incarcerated at Grays Harbor County Jail in Montesano, Washington, where he has been awaiting trial on unspecified criminal charges since January 27, 2021.  (*See* Dkt. 6-1 at 4.)  He presents to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (Dkt. 6).  Plaintiff alleges his speedy trial rights have been violated in the ongoing state court criminal proceedings.  He names the Honorable David Edwards, prosecuting attorney Dorn,[1] and defense attorney Matthew Salter as defendants.

The Court has reviewed and considered Plaintiff's proposed complaint.  For the reasons set forth below, the Court recommends that this case be DISMISSED.

---

[1] Plaintiff has not provided prosecuting attorney Dorn's first name in his proposed complaint.

REPORT AND RECOMMENDATION - 1

## II.  DISCUSSION

As stated by Plaintiff and as is apparent from the public record, Plaintiff is presently the defendant in ongoing state criminal proceedings.  *See State v. Rasmussen*, No. 21-1-00048-14 (Grays Harbor Cnty. Super. Ct., filed Jan. 28, 2021), *docket available at* https://odysseyportal.courts.wa.gov/odyportal (last accessed May 19, 2021).  In the present action, Plaintiff asks the Court to release him from custody and to drop the pending state court charges against him.  (Dkt. 6-1 at 6).

Generally, federal courts will not intervene in pending state court proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971).  "*Younger* abstention requires federal courts to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal questions."  *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012).  *See also San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (fourth *Younger* factor considers whether "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.")

Plaintiff's present civil-rights action is precisely the kind of federal interference with state criminal proceedings that the *Younger* abstention doctrine is meant to prevent.  The Court is required to invoke the *Younger* abstention doctrine here because (1) a state-initiated, criminal proceeding is ongoing, (2) the proceeding involves important state interests, (3) Plaintiff is not barred from litigating federal constitutional issues in the state proceeding, and (4) the federal action would enjoin the state proceeding.  *See San Jose Silicon Valley Chamber of Commerce*

*Political Action Committee*, 546 F.3d at 1092. Although an exception to this general rule exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982), Plaintiff fails to make a plausible allegation that extraordinary circumstances justify circumventing a straightforward application of *Younger*. This matter should therefore be dismissed.[2]

### III. CONCLUSION

The Court recommends that this matter be DISMISSED without prejudice based on the *Younger* abstention doctrine. A proposed order accompanies this Report and Recommendation.

### IV. DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 11, 2021**.

Dated this 19th day of May, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] Because Plaintiff's claim is not cognizable for the reason stated above, the Court declines to discuss other issues with the proposed complaint, including judicial immunity, prosecutorial immunity, and the inclusion of a public defender or other private individual who is not subject to suit under § 1983.

REPORT AND RECOMMENDATION - 3